UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ORANGE HEALTH SOLUTIONS, INC., a Delaware corporation, d/b/a CITRA HEALTH, <br><br> Plaintiff, <br><br> v. <br><br> MIDWEST INDEPENDENT PHYSICIANS, LLC, a Nebraska limited liability company, <br><br> Defendant. | Case No. 8:17-cv-____ <br><br><br> **COMPLAINT AND JURY DEMAND** |

For its Complaint against Defendant, Plaintiff states and alleges as follows:

## PARTIES

1. Plaintiff Orange Health Solutions, Inc. is a Delaware corporation with its principal place of business located in Jacksonville, Florida. At all pertinent times, Orange Health Solutions, Inc. was doing business as Citra Health ("Plaintiff"), whose principal place of business is located in Jacksonville, Florida.

2. Defendant Midwest Independent Physicians, LLC is a Nebraska limited liability company with its principal place of business located in Omaha, Nebraska.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between the parties and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.

4. The agreement upon which this lawsuit is based has its situs in Omaha, Douglas County, Nebraska, and Defendant's principal place of business is located in Omaha, Nebraska.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1).

6. Pursuant to Local Rule 40.1(b), Plaintiff requests Omaha, Nebraska as the place of trial.

## FACTS

7. On or about January 15, 2015, Plaintiff and Defendant (the "Parties") executed a Master Services Agreement ("Agreement") for Plaintiff to provide care coordination, analytics service, and other services ("Services") to Defendant. A true and correct copy of the Agreement is attached hereto as "Exhibit A" and is incorporated herein by reference.

8. Pursuant to the Agreement, Plaintiff was to provide Defendant with Services for an initial term of five years.

9. In exchange for Plaintiff's providing Services to Defendant, Defendant agreed to pay Plaintiff the amounts set forth in the Agreement.

10. Per the Agreement, Plaintiff was to invoice Defendant monthly in advance for the applicable fees, and payment of fees was then due within thirty (30) day.

11. Starting in or around June 30, 2015, and continuing through the date of the filing of this Complaint, despite due and proper demand, Defendant has failed and refused to pay amounts due and owing under the Agreement and Defendant has, thus, breached the Agreement.

12. Per the Agreement, if Defendant fails to pay any fees by the applicable due date, Plaintiff has the right to assess late charges in an amount equal to the lessor of 1.5% per month or the maximum amount allowable under applicable law.

13. The term of the Agreement runs through January 15, 2020.

14. Plaintiff has materially performed all obligations under the Agreement.

15. The Agreement provides that either party may terminate the Agreement but only for a material breach by the other party that, if curable, remains uncured sixty (60) days after delivery of written notice of such breach. Defendant did not provide Plaintiff with written notice

of any material breach of the Agreement and allow Plaintiff to cure and, thus, Defendant did not comply with the Agreement.

16. Defendant attempted to terminate the Agreement on April 15, 2016, but its attempted termination did not comply with the Agreement.

17. Pursuant to the Agreement, Plaintiff is entitled to damages for Defendant's failure to pay for Plaintiff's Services.

## COUNT I - BREACH OF CONTRACT

18. Plaintiff restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows.

19. Pursuant to the Agreement, Defendant was obligated to pay the amounts called for in the Agreement to Plaintiff.

20. Plaintiff has performed all conditions precedent under the Agreement.

21. Notwithstanding, Defendant has failed and/or refused to pay Plaintiff the amounts due under the Agreement and is, therefore, in breach of the Agreement.

22. Defendant's failure/refusal to pay to Plaintiff the amounts due under the Agreement is the proximate cause of damages to Plaintiff.

## COUNT II – UNJUST ENRICHMENT

23. Plaintiff incorporates the allegations of the foregoing paragraphs of this Complaint and further states and alleges as follows.

24. Plaintiff provided Defendant with a benefit, i.e., the Services described in the Agreement between the Parties.

25. Defendant was to make payments to Plaintiff in exchange for the services described in the Agreement.

26. Starting in or around June 30, 2015, Defendant failed and refused to pay Plaintiff for the Services Plaintiff provided to Defendant.

27. The Services described in the Agreement between the Parties were performed at Plaintiff's expense.

28. It would be unjust to allow Defendant to retain the benefit of Plaintiff's Services.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully prays for judgment in its favor and against Defendant as follows:

a. Money damages in the principal amount of not less than $250,000;

b. Prejudgment interest, as allowed by law;

c. Post-judgment interest;

d. Plaintiff's attorneys' fees and costs; and

e. Granting Plaintiff all other and further relief as the Court deems just and proper.

DATED this 13th day of October, 2017.

    ORANGE HEALTH SOLUTIONS, INC., a Delaware corporation, d/b/a CITRA HEALTH, Plaintiff

By: s/ Joshua C. Dickinson
    Joshua C. Dickinson, Bar Number 23700
    Shilee T. Mullin, Bar Number 22286
    Attorneys for Defendants
    Spencer Fane LLP
    13520 California Street, Suite 290
    Omaha, NE 68154
    Telephone: (402) 965-8600
    Fax: (402) 965-8601
    E-mail: jdickinson@spencerfane.com
          smullin@spencerfane.com